UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID SCOTT HARLIN, | ) |
| *Plaintiff*, | ) |
| v. | ) No.: 3:12-cv-635-TAV-HBG |
| SHERIFF DAVID RAY and LT. TONYA WEST, | ) |
| *Defendants*. | ) |

## MEMORANDUM

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion to dismiss the complaint. Plaintiff has not filed a response to the motion to dismiss and the Court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Doc. 4] will be **GRANTED** and this action will be **DISMISSED**.

### I. Standard of Review

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable

to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

## II. Factual Background

Plaintiff filed this action during his confinement in the Claiborne County Justice Center; he has since been released from custody. Plaintiff's primary complaint is that he has

2

been held past the expiration of his sentence and has not received the jail credit to which he is entitled. He also makes generalized allegations regarding medical procedures, overcrowding, lack of access to a lawyer or law library, and interference with legal mail. As relief, plaintiff seeks only injunctive relief, namely his release from confinement. The defendants are Claiborne County Sheriff David Ray and Lt. Tonya West.

### III. Discussion

Defendants move to dismiss the complaint for failure to state a claim upon which relief may be granted. As the defendants point out, plaintiff's claim for injunctive relief is actually a request for habeas corpus relief which cannot be brought in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973) (when allegations relate directly to the fact and duration of plaintiff's physical confinement, his sole federal remedy in that regard is to seek a writ of habeas corpus). In fact, plaintiff's claims that he has been held past his release date and has not received jail credit were considered and rejected by this Court in a prior habeas corpus petition filed by plaintiff. *David Scott Harlin v. David Ray*, Civil Action No. 3:12-cv-535 (E.D. Tenn. Feb. 21, 2013) (order dismissing petition for writ of habeas corpus).

With respect to plaintiff's allegations concerning the conditions in the Claiborne County Justice Center, they are merely conclusory and do not provide a factual basis for the claim. Conclusory allegations, without more, fail to state a claim for which relief can be granted under 42 U.S.C. § 1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985). *See also Lanman v. Hinson*, 529 F.3d

3

673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.").

Plaintiff's complaint fails to state claim against the defendants under the *Twombly* standard. Accordingly, the motion to dismiss filed by defendants David Ray and Tonya West is well-taken and will be **GRANTED**.

**IV. Conclusion**

The motion to dismiss filed by defendants David Ray and Tonya West will be **GRANTED** and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

                              s/ Thomas A. Varlan
                              CHIEF UNITED STATES DISTRICT JUDGE